

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,601-01

### EX PARTE DANIEL FLORES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20120D04238-34-1 IN THE 34TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of stalking and sentenced to four years' imprisonment. He did not appeal his conviction.

Applicant contends that he spent twenty-seven days in jail before pleading guilty and that trial counsel failed to advise him that he was entitled to this credit. Had he known this, Applicant contends that he would have accepted the State's plea offer of thirty days.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) the State made a plea offer of thirty days, (2) Applicant was entitled to twenty-seven days of pre-sentence credit, (3) counsel failed to advise Applicant that he was entitled to this credit, and (4) Applicant would have accepted the State's plea offer of thirty days had counsel advised him that he was entitled to this credit. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 26, 2015
Do not publish